UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| SECURELOGIX CORP., | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | Case No. 5:25-cv-01405 |
| TRANSUNION, | § § § | |
| *Defendant.* | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff SecureLogix Corp., ("SecureLogix"), as its Original Petition for Declaratory Judgment against Defendant TransUnion ("TransUnion"), states the following:

**PRELIMINARY STATEMENT**

1. This is an action for declaratory judgment under 28 U.S.C. §§ 2201 and 2202 and arising under the patent laws of the United States, which are codified in Title 35 of the United States Code.

2. TransUnion has asserted that SecureLogix infringes the following United States patents held by TransUnion's wholly owned subsidiary, TRUSTID, Inc. (collectively, the "Asserted Patents"):

   a. U.S. Patent No. 8,238,532 ("the '532 Patent") filed on May 19, 2010, and issued on August 7, 2012.

   b. U.S. Patent No. 9,001,985 ("the '985 Patent"), which is a continuation of the '532 Patent and was filed on August 6, 2012, issued on April 7,

1

2015, and then partially invalidated by the United States Patent and Trademark Office ("USPTO") in 2021.

c. U.S. Patent No. 9,871,913 ("the '913 Patent"), filed on February 16, 2016, and issued on January 16, 2018; and

d. U.S. Patent No. 9,762,728 ("the '728 Patent"), filed on December 2, 2016, and issued on September 12, 2017.

3. TransUnion and its predecessors, Neustar, Inc. ("Neustar") and TRUSTID, Inc. ("TRUSTID"), have a history of litigating the Asserted Patents. Recently, TransUnion claimed that SecureLogix has infringed the Asserted Patents.

4. On or around September 23, 2025, TransUnion sent SecureLogix a letter (the "Claim of Infringement") alleging that SecureLogix's Orchestra One™ Call Authentication Service (the "Accused Product") infringes one or more claims of the Asserted Patents.[1] The Claim of Infringement warned that TransUnion is prepared to litigate patent infringement.

5. TransUnion has improperly asserted at least one claim of the '985 Patent that previously was canceled by the USPTO under 35 U.S.C. § 103. For example, the Claim of Infringement quotes in full Claim 13 of the '985 Patent (the "Invalid Claim"). That claim has been canceled and invalidated and is not enforceable against SecureLogix. TransUnion's assertion of the Invalid Claim constitutes patent misuse and renders the '985 Patent unenforceable.

6. Accordingly, SecureLogix seeks a judicial declaration that it does not

---

[1] A true and correct copy of this letter is attached hereto as Exhibit A and is incorporated herein by reference as if set forth verbatim.

infringe any valid, enforceable claim of the Asserted Patents and that the '985 Patent is unenforceable.

## PARTIES

7. SecureLogix is a corporation organized and existing under the laws of Texas with its principal place of business located at 13750 San Pedro Ave., Suite 820, San Antonio, Texas 78232.

8. TransUnion is a global corporation that regularly conducts business in the Western District of Texas and maintains a place of business at 13785 Research Blvd., Suite 200, Austin, Texas 78750. TransUnion is organized and exists under the laws of Delaware and is the parent company of Neustar and TRUSTID. TransUnion may be served through its registered agent for service of process in Texas, Corporation Service Company, at 211 East 7th St., Suite 620, Austin, Texas 78701.

## JURISDICTION AND VENUE

9. Plaintiff's claims arise under the patent laws of the United States, 35 U.S.C. §§ 101 *et seq.*, and under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

10. This Court has subject matter jurisdiction over these claims under 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

11. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400 because TransUnion has purposefully directed enforcement activities toward SecureLogix in this District; TransUnion is subject to the exercise of personal jurisdiction over it in this District and thus resides in it; and SecureLogix resides and

conducts business, including the sale and use of the Accused Product, in this District.

12. This Court has personal jurisdiction over TransUnion because it has continuous and systemic contacts with this District, including by maintaining a place of business and conducting business within this District, and has purposefully directed activities at the residents of this District, including by sending the Claim of Infringement to SecureLogix in this District.

13. A real, substantial, and justiciable controversy has arisen between the parties under Article III of the United States Constitution and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. In light of TransUnion's litigious history involving the Asserted Patents and the Claim of Infringement, a real and immediate controversy exists concerning the alleged infringement, validity, and enforceability of the Asserted Patents. Accordingly, a judicial declaration is necessary and appropriate so that SecureLogix may ascertain its rights and conduct its business without the threat of infringement allegations or enforcement actions under the Asserted Patents.

## FACTUAL BACKGROUND

**a. History Between the Parties.**

14. Plaintiff SecureLogix offers comprehensive voice network security, call trust services, and fraud prevention solutions for enterprises and large organizations. SecureLogix's Accused Product delivers inbound call authentication for contact centers and other businesses.[2]

---

[2] The Accused Product is protected by SecureLogix's U.S. Patent No. 11,349,987.

15. Defendant TransUnion is engaged in the business of providing telephone authentication and caller verification services for call centers, including through the operations and technology acquired from Neustar and TRUSTID.

16. SecureLogix and TransUnion's wholly owned subsidiary, TRUSTID, have operated in the same marketplace for over fifteen years, often directly competing or engaging with the same customers or projects. SecureLogix's history with TRUSTID dates back to at least 2010, during which time the companies worked together and collaborated on joint efforts, such as a project for Bank of America.

17. In February 2018, while jointly working on the Bank of America project, SecureLogix met with TRUSTID at its corporate office in Portland, Oregon. The meeting was attended by several TRUSTID executives and inventors of the Asserted Patents: (1) Patrick Cox, Chief Executive Officer and inventor of all Asserted Patents; (2) Richard Green, Chief Technology Officer and inventor of all Asserted Patents; (3) Shreyas Saitawdekar, Chief Architect and inventor of all Asserted Patents; and (4) Dan Stone, Chief Engineer and inventor of the '728 Patent and '913 Patent.

18. During the February 2018 meeting, TRUSTID was informed that SecureLogix planned to perform call verification using service provider APIs—functionality that is central to the Accused Product. At no time during or after that meeting did TRUSTID (or its successors, Neustar and TransUnion) raise any objection—expressly or impliedly—to SecureLogix's planned use of that functionality, nor did TRUSTID assert any concern regarding potential patent infringement.

19. SecureLogix filed a patent application for the Accused Product in June 2018. It was issued a patent in May 2022 under U.S. Patent No. 11,349,987.

20. Now, after seven years of silence and close commercial awareness, TransUnion is asserting patent infringement against SecureLogix for the Accused Product, as demonstrated by the Claim of Infringement.

**b. Litigation History Involving the Asserted Patents.**

21. In 2018, TRUSTID filed a lawsuit in the United States District Court for the District of Delaware against Next Caller, Inc. ("Next Caller"), Case No. 1:18-cv-00172-MN, alleging infringement of the following asserted patents: the '532 Patent; the '985 Patent; and the '913 Patent. In response to the lawsuit, Next Caller challenged the validity and enforceability of the asserted claims in an Inter Partes Review ("IPR") proceeding before the Patent Trial and Appeal Board ("PTAB").[3] As a result of the IPR proceeding, the PTAB canceled claims 1-7, 12-14, 16-18, and 22 of the '985 Patent, finding that those claims were unpatentable in view of prior art.

22. On September 27, 2021, the Court of Appeals for the Federal Circuit affirmed the PTAB's decision that claims 1-7, 12-14, 16-18, and 22 of the '985 Patent are unpatentable.[4] On November 3, 2022, the USPTO issued an IPR Certificate, confirming the cancelation of claims 1-7, 12-14, 16-18, and 22 of the '985 Patent.[5]

23. In January 2019, Neustar acquired TRUSTID and its patented technology.

---

[3] *Next Caller, Inc. v. TRUSTID, Inc.*, No. IPR2019-00039 (P.T.A.B. Feb. 24, 2020).
[4] *TRUSTID, Inc. v. Next Caller, Inc.*, No. 2022-1433, 2023 U.S. App. LEXIS 4931 (Fed. Cir. 2023).
[5] A true and correct copy of the USPTO Inter Partes Review Certificate canceling claims 1-7, 12-14, 16-18, and 22 of the '985 Patent is attached hereto as Exhibit B and is incorporated herein by reference.

6

24. In December 2020, Neustar and TRUSTID filed a lawsuit in the United States District Court for the District of Delaware against Prove, Inc. and Payfone, Inc., Case No. 1:20-cv-01633-MN-CJB, alleging infringement of all four Asserted Patents. In that lawsuit, Neustar made it clear that it is "committed to protecting its significant investment in building a strong patent portfolio and its investment in TRUSTID against ongoing efforts by competitors to use its technology without permission."[6]

25. In December 2021, TransUnion acquired Neustar, along with TRUSTID and its patented technology.

26. On or around September 23, 2025, TransUnion sent the Claim of Infringement to SecureLogix, alleging that SecureLogix's Accused Product infringes one or more claims of the Asserted Patents. The Claim of Infringement specifically alleges infringement of the Invalid Claim (Claim 13 of the '985 Patent), which previously was invalidated by the PTAB. Despite the invalidity of a number of the claims in the '985 Patent, TransUnion asserts that SecureLogix has infringed it, specifically calling out the Invalid Claim, and warned that it is prepared to litigate patent infringement and defend patent invalidity.

### FIRST CLAIM:
### Declaratory Judgment of Noninfringement

27. All preceding paragraphs of this pleading are incorporated herein by reference as if set forth verbatim.

---

[6] *Neustar, Inc. v. Prove, Inc.*, Case No. 1:20-cv-01633-MN-CJB, (D. Del. Dec. 1, 2020) (Doc. 1, at 5).

28. The Claim of Infringement alleges that SecureLogix's Accused Product infringes the following TransUnion patents: the '532 Patent; the '985 Patent; the '913 Patent; and the '728 Patent.

29. SecureLogix's Accused Product does not infringe any valid, enforceable claim of any of the foregoing patents.

30. SecureLogix requests a declaratory judgment finding that it has not infringed and does not infringe, either directly or indirectly, any valid and enforceable claims of the '532 Patent, the '985 Patent, the '913 Patent, and the '728 Patent under 35 U.S.C. § 271.

## SECOND CLAIM:
### Declaratory Judgment of Unenforceability of the '985 Patent

31. All preceding paragraphs of this pleading are incorporated herein by reference as if set forth verbatim.

32. The '985 Patent is unenforceable due to patent misuse by TransUnion.

33. Patent misuse arises where a patentee impermissibly broadens the physical or temporal scope of the patent grant with anticompetitive effect or otherwise uses the patent to restrain competition beyond the lawful scope of its patent rights.

34. TransUnion has misused the '985 Patent by asserting one or more invalid and unenforceable claims, including the Invalid Claim, against SecureLogix, thereby attempting to improperly leverage its patent rights to obtain a benefit to which it is not legally entitled, and to restrain SecureLogix and others from lawfully competing in the marketplace.

35. TransUnion knowingly asserted an invalid claim, or at a minimum should have known it asserted an invalid claim, because TransUnion, by and through its wholly owned subsidiary TRUSTID, was a party to the IPR proceeding that resulted in the cancelation of the '985 Patent claims.

36. By asserting invalid patent claims and representing that those claims had previously withstood invalidity challenges—when at least some the claims and some of the Asserted Patents had not—TransUnion sought to expand the exclusionary power of the '985 Patent beyond the lawful scope authorized by 35 U.S.C. §§ 101 *et seq*.

37. TransUnion's conduct—including but not limited to: (a) asserting claims previously canceled by the USPTO; (b) misrepresenting the scope and validity of the Asserted Patents, namely the '985 Patent; (c) misrepresenting that each Asserted Patent has withstood invalidity challenges at either or both the PTAB and Federal District Court; and (d) leveraging invalid claims in its Claim of Infringement to coerce SecureLogix into submission—constitutes bad faith and an improper attempt to restrain competition and expand the scope of their patent rights; thus, resulting in patent misuse.

38. As a result of TransUnion's patent misuse, the '985 Patent is unenforceable in its entirety until such misuse has been purged completely.

39. SecureLogix requests entry of a declaratory judgment finding that the '985 Patent is unenforceable due TransUnion's patent misuse and that TransUnion is barred from enforcing or threatening to enforce the '985 Patent against

SecureLogix, or any other party, unless and until such misuse has been fully purged.

40.     SecureLogix is also entitled to recover its reasonable attorney's fees under 35 U.S.C. § 285 due the exceptional nature of TransUnion's conduct.

## REQUEST FOR ATTORNEY'S FEES

41.     SecureLogix is entitled to recovery of its costs and attorney's fees pursuant to 35 U.S.C. § 285.

## PRAYER

For the reasons stated above, SecureLogix respectfully requests that the Court enter judgment in its favor as follow:

    a. Declaring that SecureLogix has not infringed and does not infringe any valid, enforceable claim of the '532 Patent;

    b. Declaring that SecureLogix has not infringed and does not infringe any valid, enforceable claim of the '985 Patent;

    c. Declaring that SecureLogix has not infringed and does not infringe any valid, enforceable claim of the '913 Patent;

    d. Declaring that SecureLogix has not infringed and does not infringe any valid, enforceable claim of the '728 Patent;

    e. Declaring that the '985 Patent is unenforceable in its entirety due to patent misuse;

    f. Awarding SecureLogix its reasonable attorney's fees and costs under 35 U.S.C. § 285, or other applicable law; and

g. Granting such other and further relief to which SecureLogix is justly entitled.

Respectfully submitted,

*/s/Jonathan D. Pauerstein*
Jonathan D. Pauerstein
State Bar No. 15637500
jpauerstein@rpsalaw.com
Cassidi D. Bañales
State Bar No. 24124052
cbanales@rpsalaw.com
ROSENTHAL PAUERSTEIN
SANDOLOSKI AGATHER LLP
755 E. Mulberry, Suite 200
San Antonio, Texas 78212
Telephone: (210) 225-5000
Facsimile: (210) 354-4034

**ATTORNEYS FOR PLAINTIFF
SECURELOGIX CORPORATION**



**Michael Specht**
Director, Chair Electronics Practice Group
202-772-8756
Fax: 202.371.2540
MSPECHT@sternekessler.com

September 23, 2025

*Via FedEx*

Lee Sutterfield
Chief Executive Officer
SecureLogix
13750 San Pedro Avenue, Suite 820
San Antonio, TX 78232

Re:   *SecureLogix's Infringement of TransUnion Call Authentication Patents*

Dear Mr. Sutterfield:

We write to notify you that certain of Orchestra One™ services infringe numerous TransUnion patents as detailed below. As a leader in call authentication services, TransUnion has made significant investments in research and development with respect to these services. The company regularly secures patents to protect and monetize its investments. TransUnion seeks to resolve SecureLogix's infringement amicably and requests your response to this letter by October 10, 2025.

SecurLogix's Orchestra One™ services infringe at least the following TransUnion patents, which are assigned to TransUnion's wholly-owned subsidiary TrustID, Inc.

**U.S. Patent No. 8,238,532**, entitled Method of and System for Discovering and Reporting Trustworthiness and Credibility of Calling Party Number Identification;

**U.S. Patent No. 9,001,985**, entitled Method of and System for Discovering and Reporting Trustworthiness and Credibility of Calling Party Number Identification;

**U.S. Patent No. 9,871,913**, entitled Systems and Method to Identify ANI and Caller ID Manipulation for Determining Trustworthiness of Incoming Calling Party and Billing Number Information; and

**U.S. Patent No. 9,762,728**, entitled Using Calling Party Number for Caller Authentication.

We note that each of the above patents have been previously asserted and withstood invalidity challenges at either or both of the Patent Trial and Appeal Board ("PTAB") and in Federal District Court.

**Exhibit A**

Sterne, Kessler, Goldstein & Fox PLLC | 1101 K Street, NW | 10th Floor | Washington, D.C. 20005
P. 202.371.2600 | F. 202.371.2540 | sternekessler.com

Lee Sutterfield
September 23, 2025
Page 2

The infringement read against the Orchestra One™ service is quite compelling. As you are aware, SecureLogix has posted a video on its website providing a step-by-step description of its "call authentication services for contact centers." This video describes the process of receiving an incoming call, assigning a risk score, screening for security threats based on that risk score and "orchestrating" authentication of good calls and bad calls, before answering. SecureLogix's website further identifies that the "Orchestra One Call Authentication Service also protects this customer's call centers, with automated scoring of the identity and trust level of every single inbound call."

Finally, SecureLogix's U.S. Patent No. 11,349,987 – a patent filed well after the TransUnion patents listed above – describes in more detail the scoring of calls, noting that "[t]he CAS component is a cloud-resident service that is queried in real time for each call of interest, usually for all calls, to return a score for each call, from 0 (spoofed/malicious) to 100 (clearly authentic)." The '987 patent further highlights the functioning of a Signaling and Audio Probe that monitors SIP data and the use of ANI (a telephone billing number) for authenticating incoming calls. Finally, the '987 patent describes various plug-ins that can determine network conditions associated with an incoming call. Based on further disclosures within the '987 patent and on SecureLogix's website, this information is then used to analyze calls to determine the level of authentication and risk scoring needed, for example, Level 1 (SIP analysis), Level 2 (real-time carrier network information) or Level 3 (voice analysis, audio deep fake).

The Orchestra One™ Call Authentication Services, as described by the above publicly available information reads directly on at least claim 13 of U.S. Patent 9,001,985, which recites:

> 13. A method for authenticating a calling party, comprising:
>
> receiving an incoming call from a telephonic device at a call center telephonic device;
>
> receiving a calling party number or billing number associated with the received incoming call by the call center telephonic device;
>
> prior to answering the incoming call, requesting by the call center telephonic device a source origin confidence metric [e.g., a risk score] for the calling party number or billing number from an electronic system associated with the call center telephonic device, where the confidence metric is determined based on an operational status of the calling party number or billing number;
>
> receiving by the call center telephonic device the confidence metric for the calling party number or billing number; and
>
> answering the incoming call following receipt of the source origin confidence metric.

Lee Sutterfield
September 23, 2025
Page 3

      The above-listed TransUnion patents are representative of patents infringed by SecureLogix and are not intended to be limiting. TransUnion has over 300 issued patents, some of which are also likely highly relevant to SecureLogix's service offerings.

      Notwithstanding the direct and blatant infringement as highlighted above, TransUnion seeks to resolve SecureLogix's infringement of TransUnion's patents amicably. That said, although the Company strives to cure the unauthorized use of its patented technology without court intervention, TransUnion is prepared to litigate patent infringement and defend patent validity as needed.

      Please respond to this letter by October 10, 2025 to discuss potential ways to amicably resolve this matter. We appreciate your attention to this urgent matter.

                                          Sincerely,
                                          **STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.**

                                          /Michael D. Specht/

                                          Michael Specht
                                          Director

Cc: Richard Jordan, Chief Financial Officer, SecureLogix

(12) **INTER PARTES REVIEW CERTIFICATE** (2894th)
# United States Patent
Cox et al.

(10) Number:    **US 9,001,985 K1**
(45) **Certificate Issued:**    Nov. 3, 2022

(54) **METHOD OF AND SYSTEM FOR DISCOVERING AND REPORTING TRUSTWORTHINESS AND CREDIBILITY OF CALLING PARTY NUMBER INFORMATION**

(75) Inventors: **Patrick M. Cox; Richard J. Greene; Joseph H. Bockelman; Shreyas Saitawdekar**

(73) Assignee: **TRUSTID, INC.**

**Trial Number:**

IPR2019-00039 filed Oct. 5, 2018

**Inter Partes Review Certificate for:**

Patent No.:    **9,001,985**
Issued:    **Apr. 7, 2015**
Appl. No.:    **13/567,592**
Filed:    **Aug. 6, 2012**

The results of IPR2019-00039 are reflected in this inter partes review certificate under 35 U.S.C. 318(b).

Exhibit B

**INTER PARTES REVIEW CERTIFICATE**
**U.S. Patent 9,001,985 K1**
**Trial No. IPR2019-00039**
**Certificate Issued Nov. 3, 2022**

AS A RESULT OF THE INTER PARTES REVIEW PROCEEDING, IT HAS BEEN DETERMINED THAT:

Claims **8-11**, **15** and **19-21** are found patentable.

Claims **1-7**, **12-14**, **16-18** and **22** are cancelled.

\* \* \* \* \*